■ Michael Cantineri, Appellant, v Frederic Carrere, Doing Business as Home Works Builders, Respondent and Third-Party Plaintiff. Rob Card, Doing Business as R.C. Drywall & Painting, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [875 NYS2d 417]—

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered January 4, 2008 in a personal injury action. The order, among other things, denied plaintiff's motion for partial summary judgment and granted that part of defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-1.8 (c) (1) and reinstating the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while installing drywall in a residence under construction. In order to reach the higher parts of the room in which they were working, plaintiff and third-party defendant Kevin Tibbitts, doing business as K&J Drywall (Tibbitts), erected a makeshift scaffold by placing one end of a wooden plank on a ladder rung and the other end of the plank on top of a wall. The plank slipped from the ladder rung when Tibbitts stepped off the scaffold, causing the plank to strike plaintiff while he was working at floor level.

We note at the outset that plaintiff has not raised on appeal any issues with respect to the propriety of the order granting that part of defendant's cross motion seeking summary judgment dismissing the third cause of action, as amplified by the bill of particulars, alleging common-law negligence and the violation of Labor Law § 200, and denying plaintiff's cross motion seeking an order quashing the statement of Tibbitts obtained by defendant and seeking sanctions and attorney's fees. Plaintiff therefore has abandoned any issues with respect to those parts of the order (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]). We further note that, contrary to defendant's contention, the notice of appeal does not limit plaintiff's appeal to only a part of the order (*cf. Johnson v Transportation Group, Inc.,* 27 AD3d 1135 [2006]).

Supreme Court properly denied plaintiff's motion seeking partial summary judgment on liability pursuant to Labor Law

§ 240 (1) but erred in granting that part of defendant's cross motion seeking summary judgment dismissing that cause of action, and we therefore modify the order accordingly. Contrary to defendant's contention, " 'falling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]). The collapse of a scaffold establishes a prima facie case of liability under the statute "whenever the employee is injured as a result of [the] collapse, regardless of whether the employee was *on* or *under* the scaffold when it collapsed" (*Thompson v St. Charles Condominiums*, 303 AD2d 152, 154 [2003], *lv dismissed* 100 NY2d 556 [2003]). Neither plaintiff nor defendant established entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action, however, because the evidence submitted by both parties raises triable issues of fact whether adequate safety devices were provided for plaintiff's use and whether the actions of plaintiff were the sole proximate cause of the accident (*see Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077 [2007]).

The court also erred in granting that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is premised upon defendant's alleged violation of 12 NYCRR 23-1.8 (c) (1), and we therefore further modify the order accordingly. Defendant did not meet his burden of establishing that the regulation was not violated or that the alleged violation did not cause or contribute to plaintiff's injury (*see generally Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 176 [2004]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.