# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

226
CA 13-01040
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

CLEVELAND L. THOMAS AND SHERRY D. THOMAS,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

JACOB K. HUH, USA TRUCK, INC.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (JEANNA M. CELLINO OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered March 8, 2013. The order denied in part the
motion of defendants Jacob K. Huh and USA Truck, Inc., for summary
judgment dismissing plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Cleveland L. Thomas (plaintiff) when
the vehicle he was driving was struck from behind by a tractor trailer
owned by USA Truck, Inc., and operated by Jacob K. Huh (defendants).
Defendants contend on appeal that Supreme Court erred in denying their
motion for summary judgment dismissing the complaint with respect to
two categories of serious injury within the meaning of Insurance Law §
5102 (d), i.e., permanent consequential limitation of use and
significant limitation of use, and thus should have granted their
motion in its entirety. We affirm. Defendants' own submissions in
support of the motion raise triable issues of fact with respect to
those two categories (*see Summers v Spada*, 109 AD3d 1192, 1192).
Defendants submitted the reports of imaging studies of plaintiff's
spine, thereby providing the requisite objective evidence of injury
(*see generally Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350), and
they submitted several reports of tests that produced "designation[s]
of . . . numeric percentage[s] of . . . plaintiff's loss of range of
motion[, which] can be used to substantiate a claim of serious injury"
(*id.; see Matte v Hall*, 20 AD3d 898, 899).

Contrary to defendants' contention, the report of one of the

physicians who conducted an independent medical examination of plaintiff is insufficient to eliminate all triable issues of fact and thus establish their entitlement to judgment as a matter of law. The opinion of that physician, i.e., that plaintiff's condition was the result of degenerative changes predating the accident, fails to account for evidence that plaintiff had no complaints of pain prior to the accident (*see Endres v Shelba D. Johnson Trucking, Inc.*, 60 AD3d 1481, 1482-1483; *Ashquabe v McConnell*, 46 AD3d 1419, 1419). In any event, his opinion is contrary to that of several other medical professionals who concluded that plaintiff's condition was causally related to the accident (*see Limardi v McLeod*, 100 AD3d 1375, 1377). That same physician, moreover, was alone in his opinion that plaintiff's limitations in his ranges of motion were magnified or self-imposed, and he provided no factual basis for that opinion (*see Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469, 469). In light of defendants' failure to meet their initial burden on the motion, there is no need to consider the sufficiency of plaintiffs' opposition thereto (*see Summers*, 109 AD3d at 1193).

Entered: March 21, 2014                          Frances E. Cafarell
                                                 Clerk of the Court