# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

90

CA 14-00355

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

KAREN MARKS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL ALONSO, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BARTH SULLIVAN BEHR, BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SPADAFORA & VERRASTRO, LLP, BUFFALO (RICHARD E. UPDEGROVE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered November 19, 2013. The order, among other things, ordered a new trial on the issues of serious injury and damages.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action for personal injuries arising out of a motor vehicle accident with defendant. In appeal No. 2, defendant contends that Supreme Court erred in denying his motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We reject that contention. Even assuming, arguendo, that defendant met his initial burden on his motion, we conclude that plaintiff raised an issue of fact in opposition with respect to three categories of serious injury, i.e., the permanent consequential limitation of use, the significant limitation of use, and the 90/180-day categories, by "submitting objective proof of [muscle] spasm[s] in [her] cervical spine . . . , and proof showing quantitative restrictions in the range of motion in [her] cervical spine" (*Siemucha v Garrison*, 111 AD3d 1398, 1399).

Following trial, the jury issued a verdict finding that the accident was not a substantial factor in causing plaintiff's injuries. In appeal No. 1, defendant appeals from an order in which the court granted plaintiff's posttrial motion to set aside the jury verdict, found that defendant was negligent and that such negligence was a substantial factor in causing plaintiff's injuries, and ordered a new trial on the issues of serious injury and damages. Defendant contends that the proof submitted at trial established that the accident was

not a substantial factor in causing plaintiff's injuries, and that the jury's verdict should not have been disturbed. We reject that contention. "[T]he determination of the trial court to set aside a jury verdict . . . must be accorded great respect . . . and, where the court's determination is not unreasonable, we will not intervene to reverse that finding" (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080, *lv dismissed* 3 NY3d 702 [internal quotation marks omitted]). We conclude that the court's determination is not unreasonable. The proof at trial from both parties established that the accident proximately caused plaintiff to sustain at least a cervical strain. Thus, "the evidence with regard to proximate cause so preponderated in plaintiff's favor that the jury could not have reached its conclusion [of no proximate cause] based on any fair interpretation of it" (*Ernst v Khuri*, 88 AD3d 1137, 1139; *see Herbst v Marshall*, 89 AD3d 1403, 1403).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court