# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**260**
**CA 15-00800**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

RUTH SOBIERAJ, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

KELCEY L. SUMMERS AND GARY E. SUMMERS,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

DENNIS J. BISCHOF, LLC, WILLIAMSVILLE (DENNIS J. BISCHOF OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

BURGIO, KITA , CURVIN & BANKER, BUFFALO (WILLIAM J. KITA OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Drury, J.), entered January 5, 2015. The order and judgment granted the cross motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the cross motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained in a motor vehicle accident. Plaintiff moved for partial summary judgment on the issue of negligence, and defendants cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a result of the accident (*see* Insurance Law § 5102 [d]). In appeal No. 1, plaintiff appeals from an order and judgment granting defendants' cross motion and, in appeal No. 2, she appeals from an order insofar as it denied that part of her motion for leave to renew her opposition to defendants' cross motion.

At the outset, we note that the parties conceded at oral argument of this appeal that the only issue before us is whether plaintiff's alleged injuries were caused by the motor vehicle accident. We agree with plaintiff that Supreme Court erred in granting defendants' cross motion inasmuch as defendants failed to meet their initial burden. Here, defendants' own expert concluded that plaintiff sustained a temporary cervical muscle strain in the accident and that plaintiff denied any preexisting complaints of pain in her neck (*see Clark v Aquino*, 113 AD3d 1076, 1076). Furthermore, the opinion of that expert "that plaintiff's condition was the result of degenerative changes

predating the accident[] fails to account for evidence that plaintiff had no complaints of pain prior to the accident" (*Thomas v Huh*, 115 AD3d 1225, 1226).  Because defendants failed to meet their initial burden on the cross motion, there is no need to consider the sufficiency of plaintiff's opposing papers (*see Summers v Spada*, 109 AD3d 1192, 1193).

In light of our determination in appeal No. 1, plaintiff's appeal from the order in appeal No. 2 must be dismissed as moot.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court