# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**991**
**CA 16-00338**
PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

SARAH MCKEON, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

MCLANE COMPANY, INC., TRANSCO, INC.,
STEVEN M. PEPPENELLI, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LECLAIR KORONA VAHEY COLE LLP, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered January 12, 2016. The order denied the motion of defendants McLane Company, Inc., Transco, Inc. and Steven M. Peppenelli for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants McLane Company, Inc., Transco, Inc., and Steven M. Peppenelli in part and dismissing the amended complaint, as amplified by the bill of particulars, against them with respect to the permanent consequential limitation category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained as the result of a motor vehicle collision. Following discovery, McLane Company, Inc., Transco, Inc., and Steven M. Peppenelli (defendants) moved for summary judgment dismissing the amended complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Contrary to defendants' contention, we conclude that Supreme Court properly denied their motion with respect to the 90/180-day category of serious injury. Defendants' own submissions establish that plaintiff sustained "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]), i.e., a lumbosacral myofascial sprain or strain (*see Cook v Peterson*, 137 AD3d 1594, 1598), and defendants' submission of plaintiff's deposition testimony "fails to establish as a matter of law that plaintiff was

not 'curtailed from performing [her] usual activities to a great extent rather than some slight curtailment' " (*Winslow v Callaghan*, 306 AD2d 853, 854; *see Cook*, 137 AD3d at 1598).

Contrary to defendants' further contention, we conclude that the court properly denied their motion with respect to the significant limitation of use category. Even assuming, arguendo, that defendants made "a prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold" with respect to that category (*Pommells v Perez*, 4 NY3d 566, 574), we conclude that plaintiff's submissions in opposition to the motion raised an issue of fact. Those submissions included an expert's finding of at least 50% loss of range of motion in plaintiff's lumbar spine (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350), along with an affirmation from plaintiff's physician opining within a reasonable degree of medical certainty that the motor vehicle accident caused her injuries, including a bulging disc, an annular tear, and other spinal conditions revealed by an imaging study, and ultimately resulted in her limited range of motion (*see generally Pommells*, 4 NY3d at 579).

We nonetheless agree with defendants that the court erred in denying their motion with respect to the permanent consequential limitation category. We therefore modify the order accordingly. Defendants met their initial burden by submitting evidence that plaintiff had returned to work full time and recovered nearly full range of motion in her lumbar spine, along with the report of an independent medical examiner who concluded that plaintiff's injuries were not permanent (*see Gates v Longden*, 120 AD3d 980, 982). In opposition, plaintiff failed to submit objective proof of a permanent injury (*see id.; Feggins v Fagard*, 52 AD3d 1221, 1223).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court