# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1127**
**CA 16-00707**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

BARBARA J. HINES-BELL, PLAINTIFF-RESPONDENT,

                V                          MEMORANDUM AND ORDER

LAURIE M. CRIDEN, DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (ROBERT L. VOLTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 22, 2016. The order granted the motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment on the issues of serious injury and sole proximate cause of the injuries, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was rear-ended by a vehicle operated by defendant. Plaintiff moved for partial summary judgment contending that, as a result of the accident, she sustained a serious injury under the fracture, permanent consequential limitation of use, and significant limitation of use categories set forth in Insurance Law § 5102 (d), that defendant was negligent, and that defendant's negligence was the sole proximate cause of plaintiff's serious injury. Supreme Court granted the motion. We agree with defendant that plaintiff failed to establish as a matter of law that she sustained a serious injury or that defendant's negligence was the sole proximate cause of any such injury. Supreme Court erred in granting the motion with respect to those issues, and we therefore modify the order accordingly.

In support of her motion, plaintiff submitted medical records, an independent medical examination report, and a physician's affidavit, which established that, as a result of the accident, plaintiff sustained a left wrist scaphoid fracture, which required surgery, and sustained significant losses of range of motion in her lumbar spine, together with a large traumatic annular tear at L4-5 in her lumbar spine, which also required surgery. We thus conclude that plaintiff

met her burden on the motion.  In opposition, defendant submitted affidavits from two physicians, one of whom is also an engineer specializing in the analysis of the response of the human body to forces resulting from events such as automobile collisions to determine how injuries are caused.  Both of defendant's experts opined that the wrist fracture predated the accident, that the facts of the accident were inconsistent with the force needed to cause such a fracture, and that plaintiff's back injury was degenerative in nature and not caused by the accident.  "It is well established that 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Crutchfield v Jones*, 132 AD3d 1311, 1311; *see Edwards v Devine*, 111 AD3d 1370, 1372; *Fonseca v Cronk*, 104 AD3d 1154, 1155).  Thus, contrary to plaintiff's assertion, defendant raised a triable issue of fact whether there was a causal relationship between plaintiff's alleged injuries and the accident.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court