# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1174**
**CA 16-00478**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

TAMMY GRIER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ACEA M. MOSEY, AS VOLUNTARY ADMINISTRATOR
FOR THE ESTATE OF TARA L. HALLAM AND
DAVID C. MOORE, DEFENDANTS-APPELLANTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

PETER M. JASEN, P.C., BUFFALO (PETER M. JASEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered November 4, 2015. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was struck from behind by a vehicle operated by Tara L. Hallam (decedent) and owned by defendant David C. Moore (Moore). Moore and defendant Acea M. Mosey, as voluntary administrator for decedent's estate, moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants appeal from an order that granted their motion only in part, dismissing plaintiff's claims under four of the six categories of serious injury alleged by her. We reject defendants' contention that the court erred in denying the motion with respect to the two remaining categories, i.e., permanent consequential limitation of use and significant limitation of use.

Although defendants met their initial burden on the motion by submitting "competent medical evidence establishing as a matter of law that plaintiff did not sustain a serious injury under either of those categories" (*Robinson v Polasky*, 32 AD3d 1215, 1216; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff raised a triable issue of fact whether she sustained a serious injury under both categories (*see Strangio v Vasquez*, 144 AD3d 1579, 1580; *Pastuszynski v Lofaso*, 140 AD3d 1710, 1711). "Whether a limitation of

use or function is 'significant' or 'consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798).  Here, in opposition to the motion, plaintiff submitted evidence that she sustained limitations to the range of motion of her cervical spine exceeding 20% when compared to the normal range of motion.  Injuries to that degree have been deemed serious injuries within the meaning of Insurance Law § 5102 (d) (*see e.g. Garner v Tong*, 27 AD3d 401, 401; *Mazo v Wolofsky*, 9 AD3d 452, 453; *Campbell v Cloverleaf Transp.*, 5 AD3d 169, 170; *cf. Baker v Donahue*, 199 AD2d 661, 661).  Further, plaintiff submitted the affirmation of her orthopedic surgeon, who treated plaintiff for two years following the accident and concluded that plaintiff's condition is permanent and that the only medical option remaining is surgery.

Defendants also contend that they are entitled to summary judgment dismissing the complaint because plaintiff's injuries resulted from a preexisting condition and did not constitute the aggravation or exacerbation of a preexisting injury.  We reject that contention inasmuch as one of defendants' experts stated that "[t]here is no evidence of any contributing preexisting condition" (*see Tate v Brown*, 125 AD3d 1397, 1398; *Gawron v Town of Cheektowaga*, 125 AD3d 1467, 1468).  In any event, plaintiff raised a triable issue of fact whether her injuries were caused by the accident inasmuch as her treating orthopedic surgeon concluded in his affirmation that the accident was the "competent and producing cause" of plaintiff's spinal condition (*see LoGrasso v City of Tonawanda*, 87 AD3d 1390, 1391), and that the accident "activated latent degenerative conditions in [plaintiff's] cervical spine causing them to be symptomatic," i.e., that the accident exacerbated a preexisting condition (*see generally Houston v Geerlings*, 83 AD3d 1448, 1450).  Contrary to defendants' contention, "even though plaintiff did not plead the aggravation or exacerbation of a preexisting injury, defendant[s themselves] raised that issue in [their] motion papers and thus plaintiff could properly rely on that theory in opposition to the motion" (*id.* at 1448-1449).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court