■ TERESA CRANE, Appellant, v CASEY GLOVER et al., Respondents. [59 NYS3d 212]—

Appeal from an order of the Supreme Court, Monroe County (William K. Taylor, J.), entered July 7, 2016. The order, inter alia, granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the taxi cab in which she was a passenger collided with a vehicle operated by defendant Casey Glover and owned by her mother, defendant Pamela Devendorf. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d) or an economic loss in excess of basic economic loss. Plaintiff moved for summary judgment on the issue of negligence and cross-moved for summary judgment with respect to two categories of serious injury, i.e., permanent consequential limitation of use and significant limitation of use. Supreme Court granted defendants' motion, denied plaintiff's motion and cross motion, and dismissed the complaint.

We agree with plaintiff that the court erred in granting defendants' motion with respect to the permanent consequential limitation of use and significant limitation of use categories of

serious injury, and we therefore modify the order accordingly. Defendants' own submissions in support of their motion raise triable issues of fact with respect to those two categories (*see Thomas v Huh*, 115 AD3d 1225, 1225 [2014]). Defendants submitted an imaging study of plaintiff's lumbar spine, which showed a bulging disc at L4-5, and the affirmed report of the physician who conducted an examination of plaintiff on behalf of defendants and found that plaintiff had significant limited range of motion in flexion and extension. That study and report raise a triable issue of fact whether plaintiff had objective evidence of a serious injury (*see Courtney v Hebeler*, 129 AD3d 1627, 1628 [2015]; *see generally Clark v Boorman*, 132 AD3d 1323, 1324 [2015]). Defendants also submitted plaintiff's medical records, which showed that plaintiff's chiropractor detected muscle spasms at L4-5, which also raises a triable issue of fact whether there was objective evidence of an injury (*see Marks v Alonso*, 125 AD3d 1475, 1476 [2015]; *Harrity v Leone*, 93 AD3d 1204, 1206 [2012]). While the affirmed report of the physician who conducted the examination of plaintiff on behalf of defendants concluded that the disc bulge was "typically" consistent with degenerative disc disease, defendants also submitted medical records from one of plaintiff's treating physicians, which contained the physician's opinion that "[i]t [wa]s more likely than not" that plaintiff's lumbar spine complaints were caused by the motor vehicle accident (*see Thomas*, 115 AD3d at 1226). Furthermore, the affirmed report of the physician does not establish that plaintiff's condition is the result of a preexisting degenerative disc disease inasmuch as it "fails to account for evidence that plaintiff had no complaints of pain prior to the accident" (*id.*; *see Ashquabe v McConnell*, 46 AD3d 1419, 1419 [2007]).

We reject plaintiff's contention, however, that she was entitled to summary judgment with respect to those two categories of serious injury. Plaintiff failed to meet her initial burden of establishing a permanent consequential limitation of use or a significant limitation of use through either a quantitative determination of any limited range of motion or a qualitative assessment of plaintiff's condition (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]). It is well settled that a " 'minor, mild or slight limitation of use' " is insufficient (*Gaddy v Eyler*, 79 NY2d 955, 957 [1992]).

Contrary to plaintiff's contention, defendants met their initial burden on their motion with respect to the 90/180-day category of serious injury. Defendants submitted the deposition testimony of plaintiff, which established that she was not

prevented "from performing substantially all of the material acts which constituted [her] usual daily activities" for at least 90 out of the 180 days following the accident (*Licari v Elliott*, 57 NY2d 230, 238 [1982]; *see Jones v Leffel*, 125 AD3d 1451, 1452 [2015]). Defendants also met their initial burden on their motion with respect to plaintiff's claim for economic loss in excess of basic economic loss, and plaintiff does not contend otherwise. Instead, plaintiff contends that she raised a triable issue of fact with respect to the 90/180-day category and economic loss in excess of basic economic loss by submitting her second set of responding papers to defendants' motion. The court, however, properly declined to consider those papers inasmuch as they constituted an improper surreply (*see Flores v Stankiewicz*, 35 AD3d 804, 805 [2006]). Finally, we agree with the court that plaintiff's motion seeking summary judgment on negligence was premature inasmuch as the taxi driver has not been deposed (*see Schlau v City of Buffalo*, 96 AD3d 1589, 1590 [2012]). Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.