Schaubroeck v Moriarty (2018 NY Slip Op 04453)





Schaubroeck v Moriarty


2018 NY Slip Op 04453


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


186 CA 17-01279

[*1]BRUCE A. SCHAUBROECK, PLAINTIFF-RESPONDENT,
v
COLIN P. MORIARTY, DEFENDANT-APPELLANT.






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY SENDZIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 26, 2017. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the permanent consequential limitation of use category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint, as amplified by the bill of particulars to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle that he was driving was rear-ended by a vehicle operated by defendant. In his bill of particulars, plaintiff alleged that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) under four categories, i.e., the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury, and Supreme Court granted those parts of the motion with respect to two of those categories, i.e., the permanent loss of use and 90/180-day categories. Defendant contends on appeal that the court should have granted the motion in its entirety.
Contrary to defendant's contention, his own submissions in support of his motion raise triable issues of fact with respect to whether the motor vehicle accident caused plaintiff's alleged injuries (see Crane v Glover, 151 AD3d 1841, 1841-1842 [4th Dept 2017]). The report of defendant's expert physician "does not establish that plaintiff's condition is the result of a preexisting degenerative [condition] inasmuch as it fails to account for evidence that plaintiff had no complaints of pain prior to the accident' " (id. at 1842; see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]). Inasmuch as defendant failed to meet his initial burden on the motion with respect to causation, there is no need to consider the sufficiency of plaintiff's opposing papers on that issue (see Sobieraj v Summers, 137 AD3d 1738, 1739 [4th Dept 2016]).
We agree with defendant, however, that he established his entitlement to judgment as a matter of law with respect to the permanent consequential limitation of use category, and we therefore modify the order accordingly. We conclude that defendant met his initial burden on the motion by submitting evidence establishing as a matter of law that plaintiff did not sustain a serious injury under that category (see Cook v Peterson, 137 AD3d 1594, 1596 [4th Dept 2016]). Defendant submitted the affidavit of his expert physician who, after examining plaintiff, noted plaintiff had no difficulty walking and had full flexion and extension in both knees. In opposition to the motion, plaintiff "failed to submit objective proof of a permanent injury" (McKeon v McLane Co., Inc., 145 AD3d 1459, 1461 [4th Dept 2016]).
Contrary to defendant's further contention, we conclude that the court properly denied that part of the motion with respect to the significant limitation of use category. Even assuming, arguendo, that defendant made a "prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold" with respect to that category (Pommells v Perez, 4 NY3d 566, 574 [2005]), we conclude that plaintiff's submissions in opposition to the motion raised an issue of fact. Those submissions included the affirmation of plaintiff's treating physician, who, after reviewing plaintiff's medical records and imaging studies, opined within a reasonable degree of medical certainty that plaintiff sustained a folded flap tear at the junction of the mid-body and posterior horn of the meniscus of his right knee, and lateral and medial meniscus tears of both knees that required surgery and were causally related to the accident. He further opined that, consistent with what he observed on the MRI and his observations during plaintiff's surgery, the meniscus tears limited plaintiff's ability to walk, sit for long periods, turn, twist, drive for long periods, climb stairs, and walk on uneven surfaces (see Lopez v Senatore, 65 NY2d 1017, 1020 [1985]; LoGrasso v City of Tonawanda, 87 AD3d 1390, 1391 [4th Dept 2011]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court