Brown v Ng (2018 NY Slip Op 05412)





Brown v Ng


2018 NY Slip Op 05412


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


565 CA 17-01688

[*1]SHARNICE BROWN, PLAINTIFF-APPELLANT,
v
SIU C. BETTY NG, DEFENDANT-RESPONDENT. 






HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), AND ROBERT NICHOLS, BUFFALO, FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 27, 2016. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the complaint is reinstated and a new trial is granted.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained as a result of a car accident in which her vehicle was struck by a vehicle operated by defendant. At trial, defendant acknowledged that her failure to yield the right-of-way caused the accident, but she claimed that plaintiff did not sustain a resultant "serious injury" within the meaning of Insurance Law § 5102 (d). The following question appeared on the verdict sheet: "Was the negligence of defendant a substantial factor in causing injury to the plaintiff?" The jury answered that question in the negative and thereby returned a verdict in defendant's favor. Plaintiff now appeals from the judgment dismissing the complaint on the jury's verdict. Plaintiff's appeal brings up for review both the denial of her pretrial motion for partial summary judgment on the issue of serious injury and the denial of her posttrial motion to set aside the verdict as against the weight of the evidence (see CPLR 5501 [a] [1], [2]).
We first reject plaintiff's contention that Supreme Court erred in denying her motion for partial summary judgment. It is undisputed that plaintiff met her initial burden of establishing that she sustained a serious injury under the significant limitation of use and 90/180-day categories. The report submitted by defendant's medical expert, however, raised an issue of fact regarding whether plaintiff sustained a serious injury as a result of the accident. Thus, the court properly denied plaintiff's motion for partial summary judgment (see Hines-Bell v Criden, 145 AD3d 1537, 1538 [4th Dept 2016]; Harris v Campbell, 132 AD3d 1270, 1271 [4th Dept 2015]).
We turn next to plaintiff's challenge to the denial of her posttrial motion to set aside the verdict as against the weight of the evidence. In conducting our weight of the evidence review, we are cognizant of the fact that the jury was asked to determine only whether plaintiff sustained an "injury." Unfortunately, the jury was not asked to determine the appropriate legal issue, i.e., whether plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). We therefore limit our analysis to whether the evidence of "injury" as colloquially understood "so preponderated in favor of the plaintiff that [the verdict] could not have been reached on any fair interpretation of the evidence" (McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016] [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Rivera v MTA Long Is. Bus, 45 AD3d 557, 558 [2d Dept 2007]).
We answer that question in the affirmative. Plaintiff's medical records from her visit to [*2]the emergency room immediately after the accident show that she was diagnosed with cervical sprain, strain, minor head injury, acute low back pain, and shoulder strain. Plaintiff's treating chiropractor testified that, in his opinion, plaintiff had "on going disabilities" and "continued to suffer pain and significant limitations of motion" as a result of the accident. He also testified that plaintiff's range of motion was limited and that she experienced moderate to severe muscle spasms on multiple occasions. Defendant's medical expert even testified that plaintiff suffered muscle pain as a result of the accident, although he opined that such pain was only "a mild or minor injury and not a significant consequential disabling injury." In light of the foregoing, we conclude that the evidence that the accident was "a substantial factor in causing an injury to plaintiff" so preponderates in plaintiff's favor that the jury's contrary finding could not have been reached on any fair interpretation of such evidence (Herbst v Marshall, 89 AD3d 1403, 1403 [4th Dept 2011] [emphasis added]; see Marks v Alonso, 125 AD3d 1475, 1475 [4th Dept 2015]; Browne v Pikula, 256 AD2d 1139, 1139 [4th Dept 1998]). Although there was conflicting testimony regarding whether plaintiff sustained a "serious injury," it is nevertheless undisputed that she sustained an "injury" as a result of the accident. We therefore reverse the judgment, grant the posttrial motion, set aside the verdict, reinstate the complaint and grant a new trial.
In light of our determination, we need not address plaintiff's remaining contention.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court