Barnes v Occhino (2019 NY Slip Op 03159)





Barnes v Occhino


2019 NY Slip Op 03159


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


33 CA 18-01212

[*1]DION L. BARNES, PLAINTIFF-APPELLANT,
v
JOSEPH OCCHINO AND NIAGARA MOHAWK POWER CORPORATION, DEFENDANTS-RESPONDENTS. 






ANDRUSCHAT LAW FIRM, BUFFALO (TIMOTHY J. ANDRUSCHAT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, BUFFALO (NICHOLAS J. DICESARE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 6, 2017. The order, insofar as appealed from, granted in part the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, and the complaint, as amplified by the bill of particulars, is reinstated with respect to the permanent consequential limitation of use, significant limitation of use, and significant disfigurement categories of serious injury within the meaning of Insurance Law § 5102 (d).
Memorandum: In this action to recover damages for injuries sustained as a result of a motor vehicle accident, plaintiff appeals from an order that, inter alia, granted those parts of defendants' motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use, significant limitation of use, and significant disfigurement categories of serious injury (see Insurance Law § 5102 [d]). We agree with plaintiff that Supreme Court erred in granting the motion to that extent, and we therefore reverse the order insofar as appealed from.
Defendants failed to meet their initial burden of establishing that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories inasmuch as their own submissions raised triable issues of fact with respect to those categories (see Crane v Glover, 151 AD3d 1841, 1841-1842 [4th Dept 2017]). Defendants submitted the affirmed report of a physician who conducted an examination of plaintiff on behalf of defendants. That report contains a review of plaintiff's imaging studies, which showed disc herniations, and plaintiff's medical records, which noted that plaintiff had significant limited range of motion as well as muscle spasms, thus raising a triable issue of fact whether there was objective evidence of an injury (see id. at 1842; Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]). Defendants' submissions in support of their motion also raised a triable issue of fact whether the motor vehicle accident caused plaintiff's alleged injuries (see Schaubroeck v Moriarty, 162 AD3d 1608, 1609 [4th Dept 2018]). In the affirmed report of the same physician, he opined that the imaging studies showed only preexisting degenerative changes, but he " fail[ed] to account for evidence that plaintiff had no complaints of pain prior to the accident' " (Crane, 151 AD3d at 1842; see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]).
Defendants also failed to meet their initial burden of establishing that plaintiff did not sustain a serious injury under the significant disfigurement category. Defendants did not submit any evidence showing the severity of plaintiff's surgical scars (cf. Heller v Jansma, 103 AD3d 1160, 1161 [4th Dept 2013]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court