Cline v Code (2019 NY Slip Op 06251)





Cline v Code


2019 NY Slip Op 06251


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


429 CA 18-02240

[*1]DEBORAH CLINE, PLAINTIFF-APPELLANT,
v
RALPH J. CODE, DEFENDANT-RESPONDENT. 






THE WRIGHT LAW FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, ROCHESTER (ROY Z. ROTENBERG OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered May 21, 2018. The order and judgment granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle she was driving was struck from behind by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff cross-moved for partial summary judgment on the issue of serious injury. Supreme Court denied plaintiff's cross motion, granted defendant's motion, and dismissed plaintiff's complaint in its entirety.
Initially, we reject the assertion of defendant and our dissenting colleague that plaintiff's notice of appeal limits our review to that part of the order and judgment that denied plaintiff's cross motion for partial summary judgment. The notice of appeal provides, in relevant part, that plaintiff "hereby appeals . . . from the . . . [o]rder and [j]udgment . . . denying [p]laintiff's [c]ross[ m]otion for [s]ummary [j]udgment. Plaintiff appeals from each and every part of said [o]rder denying [p]laintiff's [c]ross[ m]otion." Contrary to our dissenting colleague's position, inasmuch as the notice of appeal states that plaintiff sought to appeal from "each and every part" of the order and judgment and does not contain language restricting the appeal to only a specific part thereof, we conclude that the appeal is not limited to review of the denial of plaintiff's cross motion and that the reference thereto simply constitutes language describing the order and judgment (see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d 853, 855-856 [2d Dept 2014]; Cantineri v Carrere, 60 AD3d 1331, 1332 [4th Dept 2009]; cf. City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517 [2d Dept 1997]).
Our determination that the reference to the cross motion in the notice of appeal is descriptive and does not constitute evidence that plaintiff excluded from her appeal that part of the order and judgment granting defendant's motion is further supported by the fact that, in her cross motion, plaintiff expressly sought as part of the requested relief "[a]n [o]rder denying defendant's [m]otion for [s]ummary [j]udgment in its entirety." Thus, given the lack of language specifically limiting the appeal to that part of the order and judgment denying the cross motion, [*2]and considering that the relief sought in the cross motion included the denial of defendant's motion, and that granting the other relief sought by plaintiff in the cross motion and on appeal from the denial thereof, i.e., partial summary judgment on the issue of serious injury, would necessarily require denial of defendant's motion for summary judgment dismissing the complaint, we conclude that plaintiff did not limit her appeal to challenging only that part of the order and judgment that denied her cross motion for summary judgment while leaving unchallenged that part of the order and judgment granting defendant's motion for summary judgment dismissing the complaint (see Long Is. Pine Barrens Socy., Inc., 113 AD3d at 855-856; Cantineri, 60 AD3d at 1332).
With respect to the merits, we note that, as limited by her brief, plaintiff challenges the court's determination only with respect to the permanent consequential limitation of use and significant limitation of use categories, and she has therefore abandoned her claims with respect to any remaining categories of serious injury that were alleged in her complaint, as amplified by the bill of particulars (see Koneski v Seppala, 158 AD3d 1211, 1212 [4th Dept 2018]; Boroszko v Zylinski, 140 AD3d 1742, 1743 [4th Dept 2016]).
Taking plaintiff's cross motion first, we agree with plaintiff that the court erred in discounting entirely the opinion of her treating chiropractor, inasmuch as the perceived deficiencies therein raised matters of credibility that are not amenable to resolution on a motion for summary judgment (see Hines-Bell v Criden, 145 AD3d 1537, 1538 [4th Dept 2016]; Cook v Peterson, 137 AD3d 1594, 1597 [4th Dept 2016]; Crutchfield v Jones, 132 AD3d 1311, 1311 [4th Dept 2015]). Nonetheless, although the affidavit of plaintiff's chiropractor provides support for the conclusion that plaintiff sustained a serious injury to her cervical spine (see generally Grier v Mosey, 148 AD3d 1818, 1819-1820 [4th Dept 2017]; Garner v Tong, 27 AD3d 401, 401-402 [1st Dept 2006]; Mazo v Wolofsky, 9 AD3d 452, 453 [2d Dept 2004]), plaintiff's own submissions also included medical records that raise triable issues of fact whether the injuries to her cervical spine constituted a permanent consequential limitation of use or a significant limitation of use, and therefore plaintiff failed to establish her entitlement to summary judgment on the issue of serious injury (see generally Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018]; Summers v Spada, 109 AD3d 1192, 1192 [4th Dept 2013]). In any event, even if we assume, arguendo, that plaintiff satisfied her prima facie burden, defendant's submissions were sufficient to raise a triable issue of fact (see generally Crutchfield, 132 AD3d at 1311-1312). Defendant's orthopedic medical expert opined that there were no disc herniations to plaintiff's spine, and that her range of motion was actually higher than normal in four directions and only negligibly limited in two directions. Those views were essentially repeated in the affirmed statements of two other physicians that were submitted by defendant.
For the same reasons, we agree with plaintiff that the court erred in granting defendant's motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order and judgment accordingly. Even assuming, arguendo, that defendant met his initial burden, we conclude that plaintiff raised triable issues of fact with respect to those two categories (see Armella v Olson, 134 AD3d 1412, 1413 [4th Dept 2015]). The parties presented conflicting expert opinions on the issue of serious injury requiring denial of both plaintiff's cross motion and defendant's motion (see generally Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]; Hines-Bell, 145 AD3d at 1538; Crutchfield, 132 AD3d at 1311).
All concur except Curran, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and vote to affirm the order and judgment because, in my view, the specific limiting language in the notice of appeal deprives this Court of jurisdiction to consider whether Supreme Court properly granted defendant's motion for summary judgment. Instead, the notice's express language restricts our review to only that part of the order and judgment denying plaintiff's cross motion for partial summary judgment.
Notices of appeal are of a jurisdictional nature, without which we are without authority to entertain an appeal (see CPLR 5515 [1]; Matter of Winans v Manz, 54 AD2d 597, 597 [4th Dept 1976]; see also Rich v Manhattan Ry. Co., 150 NY 542, 544, 546 [1896]; Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d 853, 855 [2d Dept 2014]; see generally Siegel, NY Prac § 530 at 942 [5th ed 2011]). From that general precept, it is well settled that a party may limit his or her appeal because "[a]n appeal [*3]from only part of an order constitutes a waiver of the right to appeal from other parts of the order" (Boyle v Boyle, 44 AD3d 885, 886 [2d Dept 2007]; see e.g. Levitt v Levitt, 97 AD3d 543, 545 [2d Dept 2012]; Commissioners of the State Ins. Fund v Ramos, 63 AD3d 453, 453 [1st Dept 2009]; Ferguson Elec. v Kendal at Ithaca, 284 AD2d 643, 644 [3d Dept 2001]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]). Thus, where the clear language of a notice of appeal specifically limits the appeal to only certain parts of an order, it is as though there is no notice of appeal regarding the parts of the order not appealed from, and we are therefore without authority to review those portions not so delineated by the notice.
Here, plaintiff's notice of appeal states, in relevant part, that she "hereby appeals to the Appellate Division, Fourth Department, from the . . . [o]rder and [j]udgment . . . entered . . . on May 21, 2018, denying [p]laintiff's [c]ross[ m]otion for [s]ummary [j]udgment. Plaintiff appeals from each and every part of said [o]rder denying [p]laintiff's [c]ross[ m]otion" (emphasis added). In my view, this express language unambiguously conveys that plaintiff limited her appeal to challenging only that part of the order and judgment that denied her cross motion for summary judgment. Plaintiff even referenced that portion of the order and judgment, "[p]laintiff's [c]ross[ m]otion," twice and made no reference to any other part of the order and judgment. This repeated language compels the conclusion that plaintiff did not seek to challenge the court's granting of defendant's motion.
I cannot agree with the majority's reading of the notice of appeal as broadly encompassing both defendant's motion and plaintiff's cross motion because it essentially ignores the limiting language quoted above. To reach that conclusion, the majority states that it is construing the words in the notice of appeal, "from each and every part," to mean that plaintiff is also challenging the grant of defendant's summary judgment motion. In doing this, however, the majority ignores the specific restricting language that follows the word "order," i.e., "denying" and "[p]laintiff's [c]ross[ m]otion." It is one thing to broadly construe ambiguous language; it is another thing entirely to do so in the face of plain, express limiting language to the contrary.
The majority's legal analysis avoids actively confronting the limiting language in the notice of appeal by designating the language that follows the word "order" as "descriptive" in nature. Neither of the cases cited by the majority for that unique proposition actually support there being a distinction between "descriptive" and jurisdictional language in a notice of appeal, and, as the majority recognizes by using the "cf." signal, one of the cases that they cite actually contravenes that view. In short, I am unwilling to ignore unambiguous language in the notice of appeal, which defines our jurisdiction to review the appealable paper, as merely "descriptive." There is simply no authority permitting us to disregard certain language in a notice of appeal as merely "descriptive." In fact, I can conceive of no coherent or consistent basis for ascertaining what language is descriptive, and what language actually bears on our jurisdiction. Instead, I would interpret all the language in the notice of appeal, construed together and as a whole, to determine precisely what appellant had appealed from. Here, viewed as a whole, I am of the conclusion that plaintiff limited her appeal to only that part of the order and judgment denying her cross motion for summary judgment.
As an illustration, consider two hypothetical notices of appeal. First, a notice of appeal stating: "Plaintiff appeals from each and every part of the order, except for that part which denied plaintiff's cross motion." Alternatively, consider a notice of appeal stating that the appeal is from an order deciding six motions and states that the appeal is from "each and every part" of the order denying only two of those six motions. Under the majority's approach, because those notices of appeal include the phrase "each and every part," this Court is permitted to review both what is specifically excepted from the appeal in the first hypothetical notice of appeal, and the four other motions decided in the second hypothetical notice of appeal, despite the clear subsequent limiting language—apparently because it is merely "descriptive." As noted, it is untenable for us to simply pick and choose what language is jurisdictional and what language is not—i.e., "descriptive."
The majority tethers its conclusion that the notice of appeal's reference to that part of the order and judgment denying plaintiff's cross motion encompasses that part of the order and judgment granting defendant's motion to language in plaintiff's cross motion that affirmatively sought denial of defendant's motion. The CPLR, however, provides no support for that construction, inasmuch as a party seeking the denial of a moving party's motion is not required to [*4]make a cross motion (see e.g. CPLR 2215). The reference to the plaintiff's cross motion papers seeking denial of defendant's motion not only validates a superfluous demand for relief, it also amply demonstrates just how far the majority's analysis has gone astray.
To the extent it may seem more fair to adopt the majority's approach in construing notices of appeal, I consider it significant that, in his respondent's brief, defendant specifically argued that the notice of appeal foreclosed plaintiff from challenging the grant of defendant's motion, a position that plaintiff did not refute because she did not file a reply brief. Thus, by broadly construing the notice of appeal, we are only being fair to a party who did not even address the issue or request that we broadly construe the notice. This is all the more concerning given that the majority's rationalization of its reading of the notice of appeal is premised, in part, on its conclusion that "granting the . . . relief sought . . . would necessarily require denial of defendant's motion for summary judgment." In other words, the majority essentially looks to the merits of plaintiff's position to justify its exercise of jurisdiction under a broad interpretation of the language of the notice of appeal. Our jurisdiction, of course, is unconnected to our view of the merits, and is in fact the necessary predicate to our review of them.
Nevertheless, to the extent the notice of appeal permits our review of the order and judgment, I agree with the majority that the court properly denied plaintiff's cross motion because her own submissions raised an issue of fact on the issue of serious injury under Insurance Law § 5102 (d) (see generally Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018]; Summers v Spada, 109 AD3d 1192, 1192 [4th Dept 2013]). For the reasons stated above, however, I submit that this is where our analysis of the merits of this case must end, and I offer no view on whether the court properly granted defendant's motion for summary judgment.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court