JEANNE F. CASINELLA et al., Respondents, v RAY J. DILL et al., Appellants. [773 NYS2d 692]—

Appeal from an order of the Supreme Court, Onondaga County (Robert J. Nicholson, J.), entered December 9, 2002. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jeanne F. Casinella (plaintiff) when a vehicle driven by defendant Ray J. Dill, an employee of

defendant Albany Ladder Company, Inc., formerly known as Syracuse Ladder & Scaffolding Co., allegedly struck plaintiff's vehicle. Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although defendants met their initial burden on the motion, plaintiffs raised an issue of fact by submitting the affidavit of plaintiff's treating physician, who stated that the injury to the glenoid labrum in plaintiff's left shoulder, visible on an arthrogram with a CT scan, is "severe enough to cause a significant and permanent impairment of [plaintiff's] left shoulder and consequently a limitation to a lesser extent of her left arm." He further stated that plaintiff sustained, inter alia, "a significant and permanent loss of lumbar range of motion which varies in degree between 25% and 50%" and that her spinal condition was evident from an MRI and x rays. We conclude that plaintiffs thereby raised an issue of fact whether plaintiff sustained a significant limitation of use of a body function or system (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-353 [2002]; *see also Dufel v Green*, 84 NY2d 795, 798 [1995]). Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.