# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1075**
**CA 15-00355**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THOMAS P. CLARK, JR., PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

KIMBERLY M. BOORMAN, DEFENDANT-APPELLANT.

---

HAGELIN KENT LLC, BUFFALO (MEGAN FURRER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SHAW & SHAW, P.C., HAMBURG (CHRISTOPHER M. PANNOZZO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Mark
Montour, J.), entered May 16, 2014. The order granted the motion of
plaintiff for partial summary judgment on the issue of serious injury
under the category of significant limitation of use of a body function
or system.

It is hereby ORDERED that said appeal is unanimously dismissed in
part, and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained in a motor vehicle accident.
Defendant conceded that she was negligent, and plaintiff sought
partial summary judgment on the issue of serious injury (*see* Insurance
Law § 5102 [d]). Supreme Court granted plaintiff's motion only
insofar as he alleged that he sustained a significant limitation of
use of a body function or system. We therefore dismiss defendant's
appeal to the extent that she raises contentions with respect to the
permanent consequential limitation of use and 90/180-day categories of
serious injury inasmuch as she is not aggrieved by the court's order
with respect to those categories (*see Seneca One Realty, LLC v City of
Buffalo*, 93 AD3d 1226, 1227; *see generally* CPLR 5511).

Plaintiff alleged that he sustained qualifying injuries to, inter
alia, his cervical and lumbar spine. Contrary to defendant's
contention, we conclude that plaintiff met his initial burden of
establishing that he had a significant limitation of use of his
cervical and lumbar spine, and defendant failed to raise an issue of
fact sufficient to defeat the motion (*see Ellithorpe v Marion* [appeal
No. 2], 34 AD3d 1195, 1196-1197). Plaintiff submitted the affidavit
and report of a physician who interpreted the MRI studies of his
cervical and lumbar spine and opined that plaintiff has anterior disc
herniations at C4-5, C5-6 and L5-S1. Plaintiff also submitted the

records of a physician who both reviewed the MRI studies and examined plaintiff.  That physician agreed with the above interpretation and opined that there was a "relative indication" for spinal surgery but that surgery was not an option because of the nature of plaintiff's diabetic condition, and that the injuries were caused by the motor vehicle accident (*see id.* at 1196-1197).

It is well established that proof of a herniated disc, without additional objective evidence, is not sufficient to establish a serious injury (*see Pommells v Perez*, 4 NY3d 566, 574).  Plaintiff also submitted, however, the certified records of his treating chiropractor, as well as the report of the physician who conducted an independent medical examination (IME) for defendant two years later, and those documents quantify significant limitations in the range of motion in plaintiff's cervical and lumbar spine.  Plaintiff therefore established the " 'extent or degree of the limitation . . . [and] its duration' " (*Lively v Fernandez*, 85 AD3d 981, 982; *see Gates v Longden*, 120 AD3d 980, 981-982; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350).  Defendant failed to raise an issue of fact sufficient to defeat the motion with the conclusory opinion of the IME physician that the MRI studies were "unremarkable."  Indeed, the IME physician recorded that plaintiff's range of motion "remains impaired" and furthermore, as noted above, the measurements set forth in his own report specifically quantify significant limitations in plaintiff's range of motion.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court