# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**589**

**CA 15-01712**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

CHESTER W. PASTUSZYNSKI, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LISA F. LOFASO AND CINTAS CORPORATION,
DEFENDANTS-APPELLANTS.

---

BARCLAY DAMON LLP, BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (BRADLEY D. MARBLE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine
R. Nugent Panepinto, J.), entered July 9, 2015.  The order denied the
motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the complaint, as amplified by the bill of particulars,
with respect to the 90/180-day category of serious injury within the
meaning of Insurance Law § 5102 (d) and as modified the order is
affirmed without costs.

Memorandum:  In this action to recover damages for injuries
arising from an automobile accident, defendants appeal from an order
denying their motion for summary judgment dismissing the complaint.
The complaint, as amplified by the bill of particulars, sought
recovery under three categories of serious injury, i.e., the permanent
consequential limitation of use, significant limitation of use, and
90/180-day categories (*see* Insurance Law § 5102 [d]).  We agree with
defendants that Supreme Court erred in denying the motion with respect
to the 90/180-day category, and we therefore modify the order
accordingly.

We conclude with respect to the permanent consequential
limitation of use and significant limitation of use categories that,
although defendants met their initial burden, plaintiff raised triable
issues of fact with respect to those two categories.  Plaintiff
submitted, inter alia, affirmations from both his treating physician
and a neurological expert that provided "objective proof of spasm in
his [lumbar] spine . . . and proof showing quantitative restrictions
in the range of motion in his . . . lumbar spine" (*Siemucha v
Garrison*, 111 AD3d 1398, 1399).  In addition, plaintiff raised an

issue of fact whether there was a gap in his treatment by submitting the affirmation of his treating physician stating that the physician continuously treated plaintiff from the date of the accident until the present date.

With respect to the 90/180-day category, however, defendants met their initial burden by submitting excerpts of plaintiff's deposition testimony in which plaintiff admitted that he did not miss any full days of work after the accident.  "In response, plaintiff failed to raise an issue of fact whether he was unable to perform substantially all of the material acts that constituted his usual and customary daily activities" (*Robinson v Polasky*, 32 AD3d 1215, 1216; *see Parkhill v Cleary*, 305 AD2d 1088, 1089-1090).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court