# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**16**

**CA 16-00858**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

MALLORY C. EHLERS, PLAINTIFF-APPELLANT,

                V                                        MEMORANDUM AND ORDER

WILLIAM A. BYRNES, ALL ERECTION AND CRANE
RENTAL CORP., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (LISA POCH OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CARTAFALSA, SLATTERY, TURPIN & LENOFF, LLP, BUFFALO (BRIAN P. MINEHAN
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

    Appeal from an order of the Supreme Court, Erie County (Matthew
J. Murphy, III, A.J.), entered July 14, 2015.  The order granted the
motion of defendants William A. Byrnes and All Erection and Crane
Rental Corp. for summary judgment dismissing the complaint against
them.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  In this action to recover damages for injuries
allegedly sustained by plaintiff in an automobile accident, plaintiff
appeals from an order granting the motion of William A. Byrnes and All
Erection and Crane Rental Corp. (defendants) for summary judgment
dismissing the complaint against them on the ground that plaintiff did
not sustain a serious injury within the meaning of Insurance Law
§ 5102 (d) under the categories alleged by plaintiff, i.e., the
permanent consequential limitation of use, significant limitation of
use, and 90/180-day categories.  We affirm.

    Contrary to plaintiff's contention, we conclude that defendants
met their initial burden with respect to the permanent consequential
limitation and significant limitation of use categories by submitting
the affirmed report of a physician who, upon examining plaintiff at
defendants' request, opined, inter alia, that plaintiff sustained a
self-limiting cervicothoracic strain from which she would have
recovered in a few weeks after the accident and that plaintiff's other
symptoms and complaints were related to a preexisting degenerative
condition not caused by the accident (*see Roll v Gavitt*, 77 AD3d 1412,
1412).  We agree with plaintiff that Supreme Court erred in declining
to consider unsworn medical reports submitted in opposition to

defendants' motion, inasmuch as they were referenced and relied upon by defendants' examining physician and thus were properly before the court (*see Brown v Achy*, 9 AD3d 30, 32).  Nonetheless, upon our review and consideration of those reports and the entire record, we conclude that none of plaintiff's submissions raises a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  To the extent that the opinion of plaintiff's primary care physician that the accident triggered, aggravated, and/or exacerbated certain preexisting conditions is responsive to defendants' prima facie showing of entitlement to judgment on these two categories, we conclude that the primary care physician's opinion, even when read in combination with other records and reports, "failed to provide any basis for determining the extent of any exacerbation of plaintiff's prior injuries" (*Brand v Evangelista*, 103 AD3d 539, 540; *see Howard v Espinosa*, 70 AD3d 1091, 1093-1094; *Nowak v Breen*, 55 AD3d 1186, 1188).

Defendants also made a prima facie showing of the lack of a viable 90/180-day claim by relying on the aforementioned report of their examining physician and plaintiff's deposition testimony that she returned to work after missing one day following the accident, missed about eight weeks from work after returning, and was not directed by her physicians to restrict her activities for the requisite period of time (*see Reyes v Se Park*, 127 AD3d 459, 461).  In opposition, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

In light of the acknowledgment in plaintiff's reply brief that prior to the accident she had received treatment for upper-back and neck pain, we need not address plaintiff's contention that the court engaged in improper credibility assessment in the context of a summary judgment motion by comparing her deposition testimony to her chiropractic treatment records.

Entered:  February 10, 2017                Frances E. Cafarell
                                           Clerk of the Court