# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

591
CA 16-02047
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

KRISTY CARPENTER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

PATRICK T. STEADMAN AND ERICH F. STEADMAN,
DEFENDANTS-APPELLANTS.

HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (RICHARD A.
NICOTRA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 18, 2016. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was operating was struck from behind by a vehicle operated by defendant Patrick T. Steadman and owned by defendant Erich F. Steadman. The complaint, as amplified by the bill of particulars, sought recovery under three categories of serious injury, i.e., the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories (*see* Insurance Law § 5102 [d]). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

We agree with defendants that Supreme Court erred in denying the motion with respect to the 90/180-day category, and we therefore modify the order by granting the motion to that extent. Defendants established that plaintiff did not sustain an injury that prevented her "from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury" (*Nitti v Clerrico*, 98 NY2d 345, 357 n 5; *see*

*Licari v Elliott*, 57 NY2d 230, 238; *Thornton v Husted Dairy, Inc.*, 134 AD3d 1402, 1403). Defendants submitted plaintiff's deposition in which she testified that she did not take any time off from her work in sales after the accident, although she left early on "several occasions" (*see Pastuszynski v Lofaso*, 140 AD3d 1710, 1711). Defendants thus established that plaintiff's activities were not curtailed to a great extent (*see Burns v McCabe*, 17 AD3d 1111, 1111; *see generally Licari*, 57 NY2d at 236). In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see Thornton*, 134 AD3d at 1403; *Jones v Leffel*, 125 AD3d 1451, 1452).

Contrary to defendants' further contention, however, the court properly denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories. Defendants met their initial burden by submitting the affirmed report of the physician who conducted an examination of plaintiff on behalf of defendants and reviewed her medical reports, including an imaging study that showed preexisting degenerative disc bulging at C5-6. He concluded that plaintiff sustained only a temporary cervical strain and that the diagnostic studies showed no evidence of a traumatic injury as a result of the accident (*see Williams v Jones*, 139 AD3d 1346, 1347; *Jones*, 125 AD3d at 1451-1452; *French v Symborski*, 118 AD3d 1251, 1251, *lv denied* 24 NY3d 904).

We agree with defendants that the court should not have considered the second affidavit submitted by plaintiff's chiropractor in opposition to the motion because it constituted an improper surreply (*see McMullin v Walker*, 68 AD3d 943, 944; *Flores v Stankiewicz*, 35 AD3d 804, 805). Nevertheless, we conclude that plaintiff raised an issue of fact through the submission of the chiropractor's first affidavit. Plaintiff's chiropractor concluded that the disc involvement as shown on the MRI was causally related to the accident. Proof of a herniated or bulging disc, without additional objective evidence, is insufficient to establish a serious injury (*see Pommells v Perez*, 4 NY3d 566, 574; *Clark v Boorman*, 132 AD3d 1323, 1324). Here, however, the MRI showing the bulging disc, together with the quantified limited range of cervical motion found by the chiropractor, is sufficient objective evidence of a serious injury (*see Clark*, 132 AD3d at 1324-1325; *Courtney v Hebeler*, 129 AD3d 1627, 1628; *Ruiz v Cope*, 119 AD3d 1333, 1334). The chiropractor also showed objective evidence of an injury by stating that he detected muscle spasms (*see Marks v Alonso*, 125 AD3d 1475, 1476; *Harrity v Leone*, 93 AD3d 1204, 1206). Contrary to defendants' contention, plaintiff's chiropractor adequately addressed the alleged preexisting condition found by defendants' examining physician (*cf. Franchini v Palmieri*, 1 NY3d 536, 537).

Entered: April 28, 2017

Frances E. Cafarell
Clerk of the Court