Habir v Wilczak (2021 NY Slip Op 00720)





Habir v Wilczak


2021 NY Slip Op 00720


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


813 CA 20-00314

[*1]ZENNAT AHMED HABIR, PLAINTIFF-RESPONDENT-APPELLANT,
v
KARRIE WILCZAK, DEFENDANT-APPELLANT-RESPONDENT, AND AMANDA MANGO, DEFENDANT-RESPONDENT. 






LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
VANDETTE PENBERTHY LLP, BUFFALO (VINCENT T. PARLATO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 3, 2019. The order granted in part and denied in part plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when a vehicle driven by Karrie Wilczak (defendant) made a left-hand turn into the path of plaintiff's oncoming vehicle, causing a collision. Plaintiff moved for partial summary judgment on the issue of defendants' liability, and Supreme Court granted the motion with respect to defendant's negligence and denied the motion with respect to whether plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendant now appeals, and plaintiff cross-appeals.
Addressing first defendant's appeal, we conclude that the court erred in granting that part of plaintiff's motion with respect to defendant's negligence, and we therefore modify the order by denying the motion in its entirety. Plaintiff contends that defendant failed to yield the right-of-way to plaintiff's vehicle in violation of Vehicle and Traffic Law § 1141 and that defendant was thus negligent as a matter of law. However, it is only the unexcused violation of a provision in the Vehicle and Traffic Law that constitutes negligence per se (see Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392 [4th Dept 2011]; see also Brown v State of New York [appeal No. 2], 144 AD3d 1535, 1538 [4th Dept 2016], affd 31 NY3d 514 [2018]; Gardner v Chester, 151 AD3d 1894, 1896 [4th Dept 2017]; accord NY PJI 3d 2:26, Comment). We conclude that plaintiff failed to meet her initial burden on her motion inasmuch as her submissions raised an issue of fact whether defendant's violation of section 1141 should be excused based on evidence that plaintiff may have been driving her vehicle on the street between 2:00 a.m. and 2:30 a.m. without her headlights illuminated (see Luck v Tellier, 222 AD2d 783, 784-785 [3d Dept 1995]; see also Moore v DL Peterson Trust, 172 AD3d 1058, 1059-1060 [2d Dept 2019]). The reasonableness of defendant's excuse is for a factfinder to determine (see Baker v Joyal, 4 AD3d 596, 597 [3d Dept 2004], lv denied 2 NY3d 706 [2004]; see also Feeley v St. Lawrence Univ., 13 AD3d 782, 783 [3d Dept 2004]; Tomaselli v Goldstein, 104 AD2d 872, 873 [2d Dept 1984]).
Addressing plaintiff's cross appeal, we conclude that the court properly determined that plaintiff is not entitled to summary judgment on the issue of serious injury. Plaintiff alleges injuries to her neck and shoulders and relies on the significant limitation of use and 90/180-day categories of serious injury. " '[W]hether a limitation of use . . . is "significant" . . . relates to medical significance and involves a comparative determination of the degree or qualitative nature [*2]of an injury based on the normal function, purpose and use of the body part' " (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]). In support of her motion, plaintiff submitted no evidence of a quantitative or qualitative assessment with respect to the neck injury (see Maurer v Colton [appeal No. 3], 180 AD3d 1371, 1373 [4th Dept 2020]; see generally Toure, 98 NY2d at 353). She also failed to submit any objective evidence of an injury to her neck. Plaintiff relies on a March 2017 cervical spine MRI showing bulging in two discs, but proof of a bulging disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]; Downie v McDonough, 117 AD3d 1401, 1402-1403 [4th Dept 2014], lv denied 24 NY3d 906 [2014]). With respect to the shoulder injury, the medical records submitted by plaintiff fail to compare plaintiff's range of motion in her shoulders to what would be considered normal (see Houston v Geerlings, 83 AD3d 1448, 1449-1450 [4th Dept 2011]; cf. Hedgecock v Pedro, 93 AD3d 1250, 1252 [4th Dept 2012]).
Moreover, even if plaintiff's submissions showed objective evidence of an injury to her neck and shoulders, plaintiff failed to meet her burden of establishing that the injuries to her neck and shoulders were significant as opposed to a minor, mild, or slight limitation of use (see Monette v Trummer [appeal No. 2], 96 AD3d 1547, 1548 [4th Dept 2012]; see generally Licari v Elliott, 57 NY2d 230, 236 [1982]). Plaintiff's submissions showed that her neck pain had resolved six or seven months after the accident and that she had regained full range of motion in her shoulders 12 months after the accident (see generally Downie, 117 AD3d at 1403; Partlow v Meehan, 155 AD2d 647, 647-648 [2d Dept 1989]). In addition, plaintiff did not miss any work and was still able to perform most of her daily activities. For the same reason, plaintiff's evidence was insufficient to show that she "has been curtailed from performing [her] usual activities to a great extent rather than some slight curtailment" (Licari, 57 NY2d at 236; see Gaddy v Eyler, 79 NY2d 955, 958 [1992]) as is required to establish a serious injury under the 90/180-day category (see Carpenter, 149 AD3d at 1599-1600; Ehlers v Byrnes, 147 AD3d 1465, 1466 [4th Dept 2017]).
Inasmuch as plaintiff failed to meet her initial burden on the motion, there is no need to consider defendant's submissions in opposition (see Savilo v Denner, 170 AD3d 1570, 1570-1572 [4th Dept 2019]; see generally Gawron v Town of Cheektowaga, 125 AD3d 1467, 1468 [4th Dept 2015]; Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]). In any event, defendant raised a triable issue of fact by submitting an affirmation of a radiologist who opined that there was no objective evidence of a serious injury and no showing of any significant injuries (see generally Blake v Cadet, 175 AD3d 1199, 1199-1200 [1st Dept 2019]; Smith v Hamasaki, 173 AD3d 1816, 1817 [4th Dept 2019]; Carpenter, 149 AD3d at 1600).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court