Cohen v Broten (2021 NY Slip Op 04844)





Cohen v Broten


2021 NY Slip Op 04844


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


553 CA 20-01621

[*1]MAXWELL B. COHEN, PLAINTIFF-RESPONDENT,
v
JEANNE D. BROTEN, DEFENDANT-APPELLANT. 






OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANT-APPELLANT.
GROSS SHUMAN, P.C., BUFFALO (SARAH P. RERA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered September 24, 2020. The order, insofar as appealed from, denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he was struck by a vehicle operated by defendant. In the complaint, as amplified by the bill of particulars, plaintiff alleged that, as a result of the accident, he suffered a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of section 5102 (d) that was causally related to the accident. Plaintiff cross-moved for, inter alia, summary judgment on the issue of negligence. Supreme Court denied the motion and granted the cross motion. We agree with defendant that the court erred in denying her motion for summary judgment dismissing the complaint. We therefore reverse the order insofar as appealed from, grant defendant's motion, and dismiss the complaint.
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]). With respect to plaintiff's alleged injury to his lumbar spine under the significant limitation of use and permanent consequential limitation of use categories, we agree with defendant that she met her initial burden on her motion by submitting the affirmed report of a physician, who opined that plaintiff suffered from a preexisting, degenerative condition in his spine and did not suffer a traumatic injury as a result of the accident, and that plaintiff failed to raise a triable issue of fact with respect thereto (see Green v Repine, 186 AD3d 1059, 1060-1061 [4th Dept 2020]; Malesa v Burg, 105 AD3d 1410, 1410 [4th Dept 2013]). Regarding the 90/180-day category of serious injury, we conclude that defendant met her burden by submitting plaintiff's deposition testimony, which established that he was not prevented "from performing substantially all of the material acts which constituted his usual daily activities" for at least 90 out of the 180 days following the accident (Licari v Elliott, 57 NY2d 230, 238 [1982]), and that plaintiff failed to raise a triable issue of fact in opposition (see Jones v Leffel, 125 AD3d 1451, 1452 [4th Dept 2015]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court