Markiewicz v Jones (2022 NY Slip Op 04440)

Markiewicz v Jones

2022 NY Slip Op 04440

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

188 CA 21-00994

[*1]DAVID R. MARKIEWICZ, PLAINTIFF-RESPONDENT,
v
KATHRYN M. JONES, DEFENDANT-APPELLANT. 

BARTH CONDREN LLP, BUFFALO (JOHN R. CONDREN OF COUNSEL), FOR DEFENDANT-APPELLANT.
VANDETTE PENBERTHY LLP, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Genesee County (Charles N. Zambito, A.J.), entered January 11, 2021. The order, insofar as appealed from, granted in part the cross motion of plaintiff for partial summary judgment and denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury to his left knee, lumbar spine, and left hip, and that plaintiff sustained a serious injury under the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d), and by denying the cross motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when his left foot was run over by a vehicle operated by defendant. Plaintiff alleged that, as a result of the accident, he suffered a serious injury under the fracture, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury as defined in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury, and plaintiff cross-moved for summary judgment on the issues of serious injury and negligence. Defendant now appeals from an order that denied her motion, denied the cross motion with respect to the issue of serious injury, and granted the cross motion with respect to the issue of negligence.
Initially, with respect to the cross motion, we agree with defendant that there is a triable issue of fact regarding the emergency doctrine and that Supreme Court thus erred in granting plaintiff's cross motion with respect to the issue of negligence. We therefore modify the order accordingly. "Under the emergency doctrine, when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context[,] . . . provided the [driver] has not created the emergency" (Dalton v Lucas, 96 AD3d 1648, 1648 [4th Dept 2012] [internal quotation marks omitted]; see Caristo v Sanzone, 96 NY2d 172, 174 [2001]). The doctrine recognizes that a "person in such an emergency situation cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though later it appears that the actor made the wrong decision" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991] [internal quotation marks omitted]). Here, we conclude that "[t]he existence of an emergency and the reasonableness of [defendant's] response thereto . . . constitute issues of fact" for the jury to determine (Dalton, 96 AD3d at 1649).
We also agree with defendant that, as plaintiff correctly concedes, plaintiff abandoned any claim of serious injury under the 90/180-day category by failing to oppose defendant's motion with respect to that category (see generally Burns v Kroening, 164 AD3d 1640, 1641 [4th Dept 2018]). We therefore further modify the order accordingly.
Contrary to the contention of defendant, the court properly denied her motion with respect to plaintiff's allegations that he suffered a serious injury to his left foot and ankle under the fracture, permanent consequential limitation of use, and significant limitation of use categories. With respect to the fracture category, defendant failed to establish her prima facie entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In an affirmed report submitted in support of the motion, defendant's expert physician "acknowledged that his review of the emergency room records shows that the hospital clinically diagnosed plaintiff with a [fracture of the left talus], thereby raising issues of fact" (Lavy v Zaman, 95 AD3d 585, 585 [1st Dept 2012]).
With respect to the permanent consequential limitation of use and significant limitation of use categories, "[w]hether a limitation of use . . . is significant or consequential relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002] [internal quotation marks omitted]; see generally Gamblin v Nam, 200 AD3d 1610, 1612-1613 [4th Dept 2021]; Habir v Wilczak, 191 AD3d 1320, 1322 [4th Dept 2021]). Here, although defendant established her prima facie entitlement to judgment as a matter of law with respect to plaintiff's left foot and ankle injury under those categories (see generally Pommells v Perez, 4 NY3d 566, 574 [2005]), plaintiff raised a triable issue of fact in opposition (see generally Jacobson v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; Zuckerman, 49 NY2d at 562). Plaintiff submitted objective evidence that he sustained a crush injury to his left foot and ankle, as well as the opinion of his podiatrist that the injury was "significant, permanent, and causally related to the accident" (Carter v Patterson, 197 AD3d 857, 859 [4th Dept 2021]).
However, we agree with defendant that the court erred in denying her motion with respect to plaintiff's allegations that he sustained serious injury to his left knee, and we therefore further modify the order accordingly. Defendant met her burden on her motion with respect to that issue by submitting the affirmed report of her expert physician, who opined that plaintiff's left knee had a "possible contusion," which had resolved, and that there was no evidence of a fracture, which was the sole injury alleged by plaintiff with respect to the left knee. The expert further noted that the records of plaintiff's orthopedic surgeon did not include a finding of a fracture (see generally Woodward v Ciamaricone, 175 AD3d 942, 943-944 [4th Dept 2019]; Heatter v Dmowski, 115 AD3d 1325, 1326 [4th Dept 2014]). Contrary to plaintiff's assertion, his medical records do not raise a question of fact whether he sustained a fracture to his left kneecap. The statement in the medical records of a reviewing physician that an X ray revealed "[s]erpiginous curvilinear lucency traversing the anterior central aspect of the patella" that "could conceivably represent a nondisplaced fracture line" but that there was "[n]o additional evidence of fracture" is speculative and does not raise a triable issue of fact (see generally Kwitek v Seier, 105 AD3d 1419, 1421 [4th Dept 2013]; Brackenbury v Franklin, 93 AD3d 423, 423 [1st Dept 2012]).
Defendant is similarly entitled to summary judgment with respect to plaintiff's allegations that he sustained serious injury to his lumbar spine and left hip, and we therefore further modify the order accordingly. Defendant met her initial burden with respect to those injuries with the opinion of her expert physician, who concluded that plaintiff's lower back and hip pain were the result of underlying degenerative disc disease of the lumbar spine with no evidence of any injury caused by the accident, and who determined that plaintiff had almost full range of motion of his lumbar spine and left hip (see French v Symborski, 118 AD3d 1251, 1251-1252 [4th Dept 2014], lv denied 24 NY3d 904 [2014]; see generally Palivoda v Sluberski, 275 AD2d 1036, 1036-1037 [4th Dept 2000]). In response, plaintiff submitted his medical records, which stated, inter alia, that plaintiff had mild lower lumbar degenerative disc and facet disease. Plaintiff also submitted a narrative report prepared by his chiropractor, but that unsworn report "did not constitute proof in admissible form" (McCarthy v Hameed, 191 AD3d 1462, 1464 [4th Dept 2021]). Moreover, even if that report was in admissible form, it does not provide any "objective evidence" of plaintiff's alleged limitations in range of motion (Paternosh v Wood, 151 AD3d 1733, 1734 [4th [*2]Dept 2017]). Nor did plaintiff's chiropractor address the defense expert physician's conclusion—or the medical records that support such a conclusion—that plaintiff's lower back injury is degenerative in nature (see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court