Toor v LoTemple (2022 NY Slip Op 06388)

Toor v LoTemple

2022 NY Slip Op 06388

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

822 CA 21-01546

[*1]SUMAN TOOR, PLAINTIFF-RESPONDENT,
v
SAMUEL LOTEMPLE AND RETROTECH, INC., DEFENDANTS-APPELLANTS. 

LAW OFFICE OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 

 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered September 20, 2021. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint, as amplified by the bill of particulars, to that extent and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was struck by a vehicle driven by defendant Samuel LoTemple and owned by defendant Retrotech, Inc. In her complaint, as amplified by the bill of particulars, plaintiff alleged that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) under, inter alia, the significant limitation of use and 90/180-day categories. Defendants moved for summary judgment dismissing the complaint, and they now appeal from an order that, among other things, denied their motion with respect to the significant limitation of use and 90/180-day categories of serious injury.
Contrary to defendants' contention, they failed to meet their initial burden with respect to the significant limitation of use category of serious injury. The reports of defendants' medical experts did not establish that plaintiff's injuries are the result of preexisting degenerative disease inasmuch as they " 'fail[ed] to account for evidence that plaintiff had no complaints of pain [in the allegedly affected areas] prior to the accident' " (Baldauf v Gambino, 177 AD3d 1307, 1308 [4th Dept 2019]; see Shah v Nowakowski, 203 AD3d 1737, 1738 [4th Dept 2022]; Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017]). Further, although defendants contend that plaintiff's injuries are not "significant" as that term is used in Insurance Law § 5102 (d), their own submissions in support of their motion raised triable issues of fact with respect to whether plaintiff's injuries are significant (see Baldauf, 177 AD3d at 1308). In light of defendants' failure to meet their initial burden with respect to that category of serious injury, there is no need to consider the sufficiency of plaintiff's opposition thereto (see Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]).
We agree with defendants, however, that Supreme Court erred in denying their motion with respect to the 90/180-day category of serious injury, and we therefore modify the order accordingly. " 'To qualify as a serious injury under the 90/180[-day] category, there must be objective evidence of a medically determined impairment or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent' " (Baldauf, 177 AD3d at 1308). An injured plaintiff must be prevented " 'from performing substantially all of the material acts which constituted his [or her] usual daily activities' for at least 90 out of 180 days following the accident" (Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021], quoting Licari v Elliott, 57 NY2d 230, 238 [1982]). Here, defendants met their initial [*2]burden by submitting plaintiff's deposition testimony, which established that although plaintiff was limited in certain daily activities, she was able to perform others. In response, plaintiff did not raise an issue of fact (see generally Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court