Wright v Wilson (2022 NY Slip Op 07386)

Wright v Wilson

2022 NY Slip Op 07386

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

908 CA 21-01112

[*1]SHANIEKA WRIGHT, PLAINTIFF-APPELLANT,
v
JEREMIAH WILSON AND BARRY WILSON, DEFENDANTS-RESPONDENTS. 

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered July 13, 2021. The order, among other things, granted in part and denied in part the motion of defendants for summary judgment on the issue of serious injury and denied those parts of the cross motion of plaintiff for summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained in a rear-end motor vehicle collision. Plaintiff alleges that, as a result of the accident, she sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102 (d). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff cross-moved for partial summary judgment on, inter alia, the issue of serious injury. Supreme Court, inter alia, granted that part of defendants' motion for summary judgment dismissing plaintiff's claims under the permanent consequential limitation of use and 90/180-day categories, denied that part of defendants' motion with respect to the significant limitation of use category, and denied those parts of plaintiff's cross motion with respect to the three aforementioned categories of serious injury. Plaintiff appeals and we affirm.
We conclude that, contrary to plaintiff's contentions on appeal, the court properly denied those parts of her cross motion with respect to the three categories of serious injury in question, and properly granted defendants' motion insofar as it sought summary judgment dismissing plaintiff's claims under the permanent consequential limitation of use and 90/180-day categories. With respect to the 90/180-day category, we conclude that defendants met their initial burden on the motion. "To qualify as a serious injury under the 90/180[-day] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" (Zeigler v Ramadhan, 5 AD3d 1080, 1081 [4th Dept 2004] [internal quotation marks omitted]; see Licari v Elliott, 57 NY2d 230, 236 [1982]). Here, defendants properly relied on plaintiff's deposition testimony, which established that her typical daily activities had not been significantly curtailed during the relevant time frame (see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]; McIntyre v Salluzzo, 159 AD3d 1547, 1547-1548 [4th Dept 2018]; Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]). In opposition, plaintiff did not raise an issue of fact (see Cohen, 197 AD3d at 950; Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to the permanent consequential limitation of use category, a plaintiff must [*2]"submit objective proof of a permanent injury" to establish a qualifying serious injury (McKeon v McLane Co., Inc., 145 AD3d 1459, 1461 [4th Dept 2016]; see Schaubroeck v Moriarty, 162 AD3d 1608, 1610 [4th Dept 2018]). We conclude that defendants met their initial burden on the motion with respect to that category "by submitting evidence that plaintiff sustained only . . . temporary [muscle] strain[s], rather than any significant injury to h[er] nervous system[, left shoulder] or spine, as a result of the accident" (Williams v Jones, 139 AD3d 1346, 1347 [4th Dept 2016]; see Gamblin v Nam, 200 AD3d 1610, 1613 [4th Dept 2021]). We further conclude that plaintiff failed to raise an issue of fact in opposition with respect to that category (see generally Zuckerman, 49 NY2d at 562; Smith v State Farm Mut. Auto. Ins. Co., 176 AD3d 1608, 1609 [4th Dept 2019]).
With respect to the significant limitation of use category, "[w]hether a limitation of use . . . is significant or consequential
. . . relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002] [internal quotation marks omitted]; see Habir v Wilczak, 191 AD3d 1320, 1322 [4th Dept 2021]). We conclude that plaintiff did not satisfy her initial burden on the cross motion with respect to that category, inasmuch as her own submissions raise triable issues of fact whether, inter alia, she sustained merely "minor, mild or slight limitation[s] of use" with respect to her left shoulder and cervical and lumbar spine (Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017] [internal quotation marks omitted]; see Savilo v Denner, 170 AD3d 1570, 1570-1571 [4th Dept 2019]; see generally Gaddy v Eyler, 79 NY2d 955, 957 [1992]).
We have considered plaintiff's remaining contentions and conclude
that none warrants reversal or modification of the order.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court