Sywak v Grande (2023 NY Slip Op 03113)

Sywak v Grande

2023 NY Slip Op 03113

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

216 CA 22-00686

[*1]WILLIAM M. SYWAK, PLAINTIFF-RESPONDENT,
v
BARBARA GRANDE, DEFENDANT, JOSEPH D. DWYER AND ROBERT D. DWYER, DEFENDANTS-APPELLANTS. 

HURWITZ & FINE, P.C., BUFFALO (BRIAN M. WEBB OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 26, 2022. The order, among other things, denied in part the motion of defendants Joseph D. Dwyer and Robert D. Dwyer for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants Joseph D. Dwyer and Robert D. Dwyer in part and dismissing the complaint against those defendants insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under Insurance Law § 5102 (d) related to his cervical spine, left hip, left arm, left shoulder and left leg and that plaintiff sustained a serious injury to his lumbar spine under the 90/180-day category of serious injury within the meaning of section 5102 (d) and dismissing the claim for economic loss in excess of basic economic loss, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident during which he was a passenger in a vehicle owned and operated by defendant Barbara Grande. Grande's vehicle was rear-ended by a vehicle owned by defendant Robert D. Dwyer and operated by defendant Joseph D. Dwyer (collectively, Dwyer defendants). Plaintiff alleged that he sustained serious injuries under six categories of Insurance Law § 5102 (d), related to injuries to his lumbar spine, cervical spine, left hip, left arm, left shoulder and left leg.
The Dwyer defendants moved for summary judgment dismissing the complaint against them, contending that plaintiff sustained no serious injuries as a result of this accident and that he did not suffer any economic loss in excess of basic economic loss (BEL). Grande adopted the motion of the Dwyer defendants as her own. In opposition to the motions, plaintiff asserted that he did, in fact, sustain serious injuries under the permanent consequential limitation of use (PCLU), significant limitation of use (SLU) and 90/180-day categories and that he sustained economic loss in excess of BEL. He failed to address the other three categories of serious injury.
Supreme Court granted defendants' respective motions in part, dismissing plaintiff's claims of serious injury under the fracture, significant disfigurement and permanent loss of use categories, denied the motions with respect to the remaining three categories of serious injury, and denied the motions insofar as they related to BEL. Only the Dwyer defendants appeal.
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation [*2]marks omitted]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]). Here, the Dwyer defendants correctly contend that the court erred in denying their motion with respect to the alleged injuries to plaintiff's left hip, left leg, left arm, and left shoulder inasmuch as they established as a matter of law that those alleged injuries did not constitute serious injuries under any category of serious injury, and plaintiff failed to raise any triable issues of fact in opposition thereto (see Markiewicz v Jones, 207 AD3d 1098, 1101 [4th Dept 2022]). We therefore modify the order accordingly.
With respect to the remaining claims of injury, i.e., the cervical and lumbar spine injuries, we conclude that the court erred in denying the motion of the Dwyer defendants with respect to the 90/180-day category, and we therefore further modify the order accordingly. The Dwyer defendants met their initial burden on the motion with respect to the 90/180-day category. The Dwyer defendants established that plaintiff was not prevented " 'from performing substantially all of the material acts which constituted his usual daily activities' for at least 90 out of the 180 days following the accident" (Cohen, 197 AD3d at 950, quoting Licari v Elliott, 57 NY2d 230, 238 [1982]), and plaintiff failed to raise a triable issue of fact in opposition to the motion with respect to the 90/180-day category.
Regarding plaintiff's alleged injury to his cervical spine under the PCLU and SLU categories, we agree with the Dwyer defendants that they met their initial burden on the motion with respect thereto by submitting evidence that plaintiff suffered from preexisting and degenerative conditions in his cervical spine and that he did not suffer a traumatic injury as a result of the accident (see id.; Woodward v Ciamaricone, 175 AD3d 942, 943 [4th Dept 2019]; cf. Green v Repine, 186 AD3d 1059, 1060-1061 [4th Dept 2020]). The Dwyer defendants submitted the imaging studies of plaintiff's cervical spine, which were performed prior to and subsequent to the instant accident, and those studies were " 'essentially the same' " (Overhoff v Perfetto, 92 AD3d 1255, 1256 [4th Dept 2012], lv denied 19 NY3d 804 [2012]). Moreover, the Dwyer defendants' expert established that plaintiff had no functional disability or limitations to his cervical spine causally related to the instant accident (see id.). The burden thus shifted to plaintiff "to come forward with evidence addressing [the] claimed lack of causation" (Pommells v Perez, 4 NY3d 566, 580 [2005]; see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Woodward, 175 AD3d at 944). Plaintiff failed to do so. The evidence submitted by plaintiff failed to adequately address how his alleged cervical injuries, " 'in light of [his] past medical history, [were] causally related to the subject accident' " (Woodward, 175 AD3d at 944; see Franchini, 1 NY3d at 537; Overhoff, 92 AD3d at 1256). Thus, we conclude that the court erred in denying the motion with respect to the PCLU and SLU categories insofar as they related to plaintiff's cervical spine, and we further modify the order accordingly.
The Dwyer defendants also contend that the court erred in denying their motion with respect to the claim that plaintiff's lumbar spine injury constituted a serious injury under the PCLU and SLU categories. We reject that contention.
Even assuming, arguendo, that the Dwyer defendants met their initial burden of establishing their entitlement to judgment as a matter of law on the PCLU and SLU categories of injury related to plaintiff's lumbar spine, we conclude that plaintiff raised a triable issue of fact by submitting the expert opinion of his treating chiropractor, "who relied upon objective proof of plaintiff's [lumbar spine] injury, provided quantifications of plaintiff's loss of range of motion along with qualitative assessments of plaintiff's condition, and concluded that 'plaintiff's [lumbar spine] injury was significant, permanent, and causally related to the accident' " (Moore v Gawel, 37 AD3d 1158, 1159 [4th Dept 2007]; see Jackson v City of Buffalo, 155 AD3d 1522, 1524 [4th Dept 2017]; Stamps v Pudetti, 137 AD3d 1755, 1757 [4th Dept 2016]).
Contrary to the contention of the Dwyer defendants, there are sufficient facts in the record to explain the gap in plaintiff's treatment for his lumbar spine issues (see Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; see generally Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907 [2013]).
Finally, we agree with the Dwyer defendants that the court erred in denying their motion with respect to plaintiff's claim that he suffered economic loss in excess of BEL, and we therefore further modify the order accordingly. The Dwyer defendants met their initial burden by establishing that plaintiff sustained no economic loss as a result of this accident. The evidence [*3]submitted by the Dwyer defendants demonstrated that plaintiff was unemployed due to an earlier workers' compensation accident. The Dwyer defendants also submitted the deposition testimony of plaintiff, wherein he admitted that all of his medical bills were paid by workers' compensation benefits or no-fault insurance and that he sustained no out-of-pocket expenses or any other alleged economic loss as a result of this accident. In opposition to that part of the motion, plaintiff did not raise any triable issue of fact (see Rulison v Zanella, 119 AD2d 957, 958 [3d Dept 1986]; see also Insurance Law §§ 5102 [a] [1]-[3]; 5104 [a]; Carlson v Manning, 208 AD3d 997, 1001 [4th Dept 2022]; Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court