Wiechec v Miller (2026 NY Slip Op 01690)

Wiechec v Miller

2026 NY Slip Op 01690

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

928 CA 24-01551

[*1]CHELSEA PASCUCCI WIECHEC, PLAINTIFF-APPELLANT,
vBRITTANY MILLER, DEFENDANT-RESPONDENT. 

PENBERTHY LAW GROUP, LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICES OF JENNIFER S. ADAMS, WILLIAMSVILLE (KEVIN J. GRAFF OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered September 12, 2024, in a personal injury action. The order granted the motion of defendant for summary judgment, denied the cross-motion of plaintiff for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant limitation of use category of serious injury within the meaning of Insurance Law § 5102 (d) insofar as it relates to plaintiff's cervical spine and right shoulder and granting that part of the cross-motion for summary judgment on the issue of negligence, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained in a motor vehicle accident. In her bill of particulars, plaintiff alleged, inter alia, that she sustained serious injuries to her cervical spine and right shoulder under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Plaintiff cross-moved for summary judgment on the issues of serious injury and negligence. Supreme Court denied plaintiff's cross-motion, granted defendant's motion, and dismissed plaintiff's complaint. Plaintiff now appeals.
We note at the outset that plaintiff contends on appeal that she sustained serious injuries only to her cervical spine and right shoulder, and only under the significant limitation of use and 90/180-day categories of serious injury, and therefore she has abandoned her other particularized claims of serious injury (see Koneski v Seppala, 158 AD3d 1211, 1212 [4th Dept 2018]; Barron v Northtown World Auto, 137 AD3d 1708, 1708-1709 [4th Dept 2016]). Furthermore, plaintiff's contention that the affirmed report of defendant's expert physician, submitted in support of the motion, lacked a proper foundation and thus should not have been considered by the court is improperly raised for the first time on appeal and is thus not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]; Lamar v Anastasi, 188 AD3d 1637, 1637 [4th Dept 2020]).
With respect to the 90/180-day category of serious injury, we conclude that defendant met [*2]her initial burden on her motion. "To qualify as a serious injury under the 90/180-day category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" (Zeigler v Ramadhan, 5 AD3d 1080, 1081 [4th Dept 2004] [internal quotation marks omitted]; see Licari v Elliott, 57 NY2d 230, 236 [1982]). Here, defendant submitted, inter alia, plaintiff's deposition testimony, which established that plaintiff's daily activities were not significantly curtailed during the relevant time frame. Indeed, plaintiff testified that she did not miss any work due to the accident and that her employment was unaffected by the accident (see Licari, 57 NY2d at 233-234; Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]; Ehlers v Byrnes, 147 AD3d 1465, 1466 [4th Dept 2017]). In response, plaintiff did not raise a triable issue of fact (see Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the significant limitation of use category insofar as it concerns plaintiff's cervical spine and right shoulder, and we therefore modify the order accordingly. "[W]hether a limitation of use . . . is significant or consequential . . . relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002] [internal quotation marks omitted]; see Wright v Wilson, 211 AD3d 1621, 1623 [4th Dept 2022]). Moreover, "[a] significant limitation of use of a body function or member does not require a showing of permanency, and any assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well" (Gates v Longden, 120 AD3d 980, 981 [4th Dept 2014] [internal quotation marks omitted]; see generally Campo v Neary, 52 AD3d 1194, 1197 [4th Dept 2008]). Here, we conclude that the opinion of defendant's expert, rendered more than two years after the accident, "fails to demonstrate that plaintiff suffered only a mild, minor or slight limitation of use" (Chaney v Malone, 5 AD3d 1062, 1063 [4th Dept 2004]; cf. Koneski, 158 AD3d at 1213). Additionally, contrary to defendant's assertion, she failed to establish her entitlement to summary judgment as a result of any gap in treatment regarding plaintiff's injuries (see Cook v Peterson, 137 AD3d 1594, 1597-1598 [4th Dept 2016]; see generally Pommells v Perez, 4 NY3d 566, 574 [2005]).
Contrary to plaintiff's further contention, she failed to meet her initial burden on her cross-motion of establishing that she sustained a serious injury under the significant limitation of use category with respect to her cervical spine and shoulder injuries. Plaintiff submitted no evidence that her range of motion limitations concerning her cervical spine were causally related to the accident (see Smith v Hamasaki, 173 AD3d 1816, 1817 [4th Dept 2019]), and her treating physician did not provide any assessment of the significance of her shoulder limitations (see Habir v Wilczak, 191 AD3d 1320, 1322 [4th Dept 2021]; cf. Casinella v Dill, 5 AD3d 1047, 1048 [4th Dept 2004]).
We agree with plaintiff, however, that she is entitled to summary judgment on the issue of negligence, and we therefore further modify the order accordingly. "It is well settled that a driver who has the right[-]of[-]way is entitled to anticipate that [the drivers of] other vehicles will obey the traffic laws that require them to yield . . . Because [defendant] was entering the roadway from a parking lot, she was required to yield the right-of-way to [plaintiff's] vehicle" (Rose v Leberth, 128 AD3d 1492, 1493 [4th Dept 2015] [internal quotation marks omitted]; see Vehicle and Traffic Law § 1143). Here, plaintiff met her initial burden with respect to defendant's negligence by submitting, inter alia, plaintiff's deposition testimony recounting the circumstances of the accident and the corroborating police report, which established as a matter of law that defendant violated Vehicle and Traffic Law § 1143 and breached her duty to operate her vehicle with due care (see Garza v Taravella, 74 AD3d 1802, 1804 [4th Dept 2010]; see also Sheets v Kilbury, 196 AD3d 1096, 1097-1098 [4th Dept 2021]). In opposition, defendant failed to submit the requisite nonnegligent explanation for the collision (see Rodriguez v First Student, Inc., 163 AD3d 1425, 1427 [4th Dept 2018]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court